June 1820.

Negro Clara
vs
Meagher

COURT OF APPEALS, JUNE TERM, 1820.

### NEGRO CLARA vs. MEAGHER.

APPEAL from *Baltimore* city court from a judgment rendered on a petition for freedom, *dismissing* the petition. At the trial the petitioner, by his counsel, offered in evidence a deed of manumission executed by *Prettyman Boyce*, of *Sussex* county, in the state of *Delaware*, on the 12th of October 1801, in which he stated that he set free from bondage his negro *Carsy*, daughter of *Annes*, who was born in 1794, to be free as above when she comes to be 18 years of age. The deed was signed, sealed and delivered, in the presence of *Asahel Phelps* and *Daniel Baker*, the former of whom, on the 18th of November 1801, in a court of common pleas held for *Sussex* county, "made oath, in due form of law, that he saw the grantor sign, seal and deliver, the deed; that he subscribed his name to it as a witness, and saw *Daniel Baker* subscribe his name as another witness." The copy was certified by the recorder of *Sussex* county to be a true one taken from the record thereof remaining on the rolls office for the said county. It was also certified by the secretary of state of *Delaware*, that the person, a copy of whose name is subscribed to the certificate of the proof of the execution of the deed of manumission, was at the date thereof Prothonotary of the Court of Common Pleas of the state of *Delaware*; and that the person whose name is subscribed to the certificate of the copy of the rolls, &c. was and is recorder of deeds in and for *Sussex* county. It was also certified by the chief justice of the court of common pleas of said state, that the attestation by the recorder of deeds, &c. is in due form, and by the proper officer. There was also the certificate of the secretary of state of *Delaware*, that the person who certified as chief justice, &c. was such, &c. And the certificate of the prothonotary of the court of common

Under the act of Assembly of *Delaware* of 1797, *ch.* 124, a deed of manumission, to be valid, must be attested by the subscribing witness, *in the presence of the grantor*, though it is not necessary that that fact should appear by the certificate of the attestation itself; it may be proved by evidence *aliunde*.

JUNE 1820.

Negro Clara
vs
Meagher

pleas of *New-Castle* county, that the person who certified as chief justice, &c. was such, &c. It was admitted that the petitioner is the person mentioned in the deed of manumission. The act of assembly of *Delaware,* which autho-, rised the executing deeds of manumission of slaves, passed on the 18th of January 1797, *ch.* 124; and those parts of the act which are material in this case are as follows: *Section* 2. "That all and every manumission of any negro or mulatto slave shall be in writing, and signed and sealed by the master or mistress manumitting such slave, and shall be attested and subscribed, in the presence of such master or mistress, by one or more competent and credible witnesses, or else such manumission shall be utterly void and of none effect." *Section* 3. "That it shall and may be lawful for any master or mistress named in such manumission, which shall be signed, sealed, attested and subscribed, as aforesaid, in his or her proper person, or by his or her attorney for that purpose appointed, to appear before the supreme court, or before the court of common pleas, or before the chancellor, or any judge or justice of the peace in the county in which such master or mistress reside, at any time after the execution of such manumission, and acknowledge that such manumission is the act or deed of such master or mistress; and in case such master or mistress be dead, or cannot appear, it shall and may be lawful for any one or more of the witnesses, who attested and subscribed such manumission, to be brought before the supreme court, or court of common pleas, or before the chancellor, or any judge or justice of the peace, which witness or witnesses shall be examined upon oath, or affirmation, to prove the execution, and their attestation and subscription of the manumission then produced; whereupon the clerk or prothonotary of the said court, under his hand, and the seal of his office, or the said chancellor, judge, or justice of the peace, under his hand and seal, shall certify such acknowledgment or proof upon the back of the manumission as aforesaid, within the year, when the same was made and by whom; and every such manumission, so acknowledged or proved, shall be recorded in the office for recording of deeds, after the execution thereof," &c.

The case was argued in this court before BUCHANAN, EARLE, JOHNSON and DORSEY, J. by

*Raymond,* for the appellant, and

*R. Johnson,* for the appellee.

DORSEY, J. delivered the opinion of the court.

The only question in this case is, whether the paper produced and offered in evidence by the appellant is legal evidence of his title to freedom? And the solution of this question depends on the act of assembly of the state of *Delaware,* passed in the year 1797, *ch.* 124. (He here read the sections before set forth.)

The language of the act is imperative, that the subscribing witness or witnesses shall attest the deed of manumission in the presence of the grantor. If such attestation is not made, the deed is inoperative. The court do not consider it necessary that the witnesses should certify, by their attestation, that they did attest the deed in the presence of the grantor, but the fact must be proved, if capable of proof; and it is capable of being proved, if the witnesses are alive; and as it does not appear by the record that they are dead, there can be no presumption in favour of the deed. *Croft vs. Pawlet,* 2 *Strange,* 1109. *Brice vs. Smith, Willes's Rep.* 1.

The proof made by the subscribing witness, before the Court of Common Pleas held for *Sussex* county, does not establish the point that the witness did attest the deed in the presence of the grantor. He proves that he saw the grantor sign, seal and deliver the deed, and that he subscribed his name thereto as a witness; and this proof is perfectly consistent with the idea that the witness did not attest it in the presence of the grantor.

JUDGMENT AFFIRMED.